# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY PRENTICE,

    Plaintiff

v.

CHARLES DANIELS, et. al.,

    Defendants

Case No. 2:21-cv-00369-JAD-VCF

**Order Resolving Motions and Directing Response to Motion for Injunctive Relief**

ECF Nos. 1, 1-4, 1-6, 21

    On May 10, 2021, I deferred my decision on Anthony Prentice's application to proceed *in forma pauperis*, referred this case to the Court's Inmate Early Mediation Program, and ordered the Attorney General's Office to advise the Court whether it would enter a limited notice of appearance on behalf of the defendants for the purposes of settlement.[1] The Office of the Attorney General filed a notice stating that it did not intend to enter a limited notice of appearance for purposes of settlement as Defendant Charles Daniels did not believe that settlement negotiations would be productive or appropriate at this time.[2] Anthony Prentice's case therefore will return to the normal litigation track.

    Like many prisoners who file civil-rights claims, Prentice asks the court to find and appoint a free lawyer.[3] A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights claims.[4] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to

---

[1] ECF No. 7 at 48–49.
[2] ECF No. 13.
[3] ECF No. 1-4.
[4] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[5] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"[6] "Neither of these considerations is dispositive and instead must be viewed together."[7] I do not find exceptional circumstances here. Although I am permitting some of Prentice's claims to proceed, that decision is based on allegations, not evidence, and it would be premature for me to determine any likelihood of success. His claims are not complex, and Prentice is able to articulate them. I therefore deny the motion to appoint counsel.

Prentice also moves to have this case certified as a class action.[8] Prentice is not an attorney. Although *pro se* litigants have the right to plead and conduct their own cases personally,[9] the law does not permit them to represent anyone other than themselves.[10] Prentice therefore may not act as an attorney on behalf of any class by filing pleadings and otherwise litigating on behalf of the class. So I deny his motion.[11] Erik Watson has brought a motion to

---

[5] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

[6] *Id.*

[7] *Id.*

[8] ECF No. 1-6.

[9] *See* 28 U.S.C. § 1654.

[10] *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

[11] *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (recognizing the pro se prisoner could not bring class action on behalf of others); *Welch v. Terhune*, 11 F. App'x 747, 747 (9th Cir. 2001) (unpublished) (holding that pro se plaintiff could not prosecute his action as a class action).

intervene in this case as a class representative.[12] As this case is not a class action and will not be certified as one, Watson's motion to intervene is denied.

Finally, Prentice moves for a temporary restraining order and preliminary injunction to require officials to provide him with outdoor exercise.[13] Given the nature of his allegations and because a claim regarding outdoor exercise has survived screening, I direct the Attorney General's Office to respond to that motion by September 10, 2021.

## Conclusion

IT IS THEREFORE ORDERED that Prentice's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**. Plaintiff need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended. This full filing fee will remain due and owing even if this case is dismissed or otherwise unsuccessful.

In order to ensure that the plaintiff pays the full filing fee, IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Anthony Prentice,** # 74880 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to **SEND** a copy of this order to (1) the Finance Division of the Clerk's Office AND (2) the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that service must be perfected within 90 days from the date of this order. Fed. R. Civ. P. 4(m).

---

[12] ECF No. 21.
[13] ECF Nos. 4, 5.

IT IS FURTHER ORDERED that, subject to the findings in this screening order, the Attorney General's Office must file a notice advising the Court and plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal within 21 days of this order.  For any of the named defendant for whom the Attorney General's Office cannot accept service, the Office must file, under seal (but not serve on the inmate-plaintiff) the last known address of that defendant for whom it has such information.  If that address is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address instead. If the Attorney General accepts service of process for any named defendant, that defendant must file and serve an answer or other response to the first amended complaint within 60 days of this order.

If service cannot be accepted for any of the named defendant, plaintiff must file a motion identifying the unserved defendant, requesting issuance of a summons, and specifying a full name and address for that defendant.  For any defendant for whom the Attorney General has not provided last-known-address information, plaintiff must provide the full name and address for that defendant.

IT IS FURTHER ORDERED that plaintiff must serve upon defendants or, if an appearance has been entered by counsel, upon any defendant's attorney, a copy of every pleading, motion or other document submitted for consideration by the Court.  Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address

stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service.

IT IS FURTHER ORDERED that **the motion for appointment of counsel [ECF No. 1-4], the motion for class certification [ECF No. 1-6], and the motion to intervene [ECF No. 21] are DENIED.**

IT IS FURTHER ORDERED that the Clerk of the Court is directed to ELECTRONICALLY SERVE a copy of this order and a copy of Prentice's complaint (ECF Nos. 9, 9-1) and his motion for a temporary restraining order and preliminary injunction (ECF Nos. 3, 4) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

IT IS FURTHER ORDERED that **the Attorney General's Office has until September 10, 2021, to file a response to the motion for a preliminary injunction and temporary restraining order (ECF Nos 3, 4) on behalf of any defendant.** If Plaintiff chooses to reply, he must do so within 7 days after defendants file their response.

IT IS FURTHER ORDERED that this case is no longer stayed and will return to the normal litigation track.

Dated: August 20, 2021

_____
U.S. District Judge Jennifer A. Dorsey